IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 9 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| ANGEL HENDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-498-A |
| | § | |
| GRAND PRAIRIE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now pending before the court is the motion of defendant, Grand Prairie Independent School District, to dismiss plaintiff, Angel Henderson's, claim for intentional infliction of emotional distress ("IIED"), for failure to state a claim upon which relief may be granted. After having considered such motion, plaintiff's complaint, and applicable legal authorities, the court has concluded that defendant's motion should be granted.

I.

Background

Plaintiff initiated this action by filing a complaint on July 19, 2012, alleging two claims under the Family Medical Leave Act and one claim for IIED. Defendant filed its motion to dismiss the IIED claim on August 27, 2012, and plaintiff did not file a response. In its motion, defendant contends that

plaintiff's IIED claim is barred "because the State of Texas has not waived immunity for an intentional tort." Mot. at 5.

## II.

## Analysis

A. <u>Pleading Standards</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>See</u> <u>Twombly</u>, 550 U.S. at 555 & n.3. Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Iqbal</u>, 556 U.S. at 679.

B.   Applying the Standards to Plaintiff's IIED Claim

The court concludes that the complaint fails to allege a plausible right to relief for plaintiff for IIED, and agrees with defendant that defendant is immune from liability for IIED. A Texas government entity is generally immune from tort liability unless the legislature has waived such immunity. Forgan v. Howard Cnty., Tex., 494 F.3d 518, 520 (5th Cir. 2007); Harris Cnty. v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004). The Texas Tort Claims Act ("TTCA") waives governmental immunity in only three general categories: the "use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property." Brown v. Montgomery Cnty. Hosp. Dist., 905 S.W.2d 481, 484 (Tex. App.--Beaumont 1995); see also Tex. Civ. Prac. & Rem. Code § 101.021. For school districts, the TTCA's waiver is even more narrow, and is limited to tort claims for injuries arising from the negligent use or operation of motor vehicles. See Tex. Civ. Prac. & Rem. Code §§ 101.021 & 101.051; Mission Consol. Ind. Sch. Dist. v. Garcia, 253 S.W.3d 653, 656 (Tex. 2008). Additionally, governmental immunity is not waived for intentional torts. See Tex. Civ. Prac. & Rem. Code § 101.057(2); Umoren v. Plano Indep. Sch. Dist., 457 Fed. App'x 422, 425 (5th Cir. 2012) (stating that school district employee's claim for IIED was barred by the TTCA); Bates v. Dallas Indep. Sch. Dist.,

952 S.W.2d 543, 551 (Tex. App.--Dallas 1997, writ denied.). Thus, because plaintiff has attempted to bring an intentional tort claim, IIED, against the defendant, a school district, such claim is barred by governmental immunity and must be dismissed.

III.

Order

Therefore,

The court ORDERS that plaintiff's claim for IIED against defendant be, and is hereby, dismissed.

SIGNED October 9, 2012.

_____
JOHN McBRYDE
United States District Judge