U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

OCT - 9 2012

CLERK, U.S. DISTRICT COURT
By_____
               Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANGEL HENDERSON,                §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:12-CV-498-A
                                §
GRAND PRAIRIE INDEPENDENT       §
SCHOOL DISTRICT,                §
                                §
        Defendant.              §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Now pending before the court is the motion of defendant,
Grand Prairie Independent School District, to dismiss plaintiff,
Angel Henderson's, claim for intentional infliction of emotional
distress ("IIED"), for failure to state a claim upon which relief
may be granted.  After having considered such motion, plaintiff's
complaint, and applicable legal authorities, the court has
concluded that defendant's motion should be granted.

I.

<u>Background</u>

Plaintiff initiated this action by filing a complaint on
July 19, 2012, alleging two claims under the Family Medical Leave
Act and one claim for IIED.  Defendant filed its motion to
dismiss the IIED claim on August 27, 2012, and plaintiff did not
file a response.  In its motion, defendant contends that

plaintiff's IIED claim is barred "because the State of Texas has
not waived immunity for an intentional tort."  Mot. at 5.

## II.

## Analysis

A.   Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted).  Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.  See Twombly, 550 U.S. at 555 & n.3.  Moreover, to
survive a motion to dismiss for failure to state a claim, the
facts pleaded must allow the court to infer that the plaintiff's
right to relief is plausible.  Iqbal, 556 U.S. at 679.

B.   Applying the Standards to Plaintiff's IIED Claim

The court concludes that the complaint fails to allege a plausible right to relief for plaintiff for IIED, and agrees with defendant that defendant is immune from liability for IIED.   A Texas government entity is generally immune from tort liability unless the legislature has waived such immunity.   Forgan v. Howard Cnty., Tex., 494 F.3d 518, 520 (5th Cir. 2007); Harris Cnty. v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004).   The Texas Tort Claims Act ("TTCA") waives governmental immunity in only three general categories: the "use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property." Brown v. Montgomery Cnty. Hosp. Dist., 905 S.W.2d 481, 484 (Tex. App.--Beaumont 1995); see also Tex. Civ. Prac. & Rem. Code § 101.021.   For school districts, the TTCA's waiver is even more narrow, and is limited to tort claims for injuries arising from the negligent use or operation of motor vehicles. See Tex. Civ. Prac. & Rem. Code §§ 101.021 & 101.051; Mission Consol. Ind. Sch. Dist. v. Garcia, 253 S.W.3d 653, 656 (Tex. 2008).   Additionally, governmental immunity is not waived for intentional torts.   See Tex. Civ. Prac. & Rem. Code § 101.057(2); Umoren v. Plano Indep. Sch. Dist., 457 Fed. App'x 422, 425 (5th Cir. 2012) (stating that school district employee's claim for IIED was barred by the TTCA); Bates v. Dallas Indep. Sch. Dist.,

3

952 S.W.2d 543, 551 (Tex. App.--Dallas 1997, writ denied.).

Thus, because plaintiff has attempted to bring an intentional

tort claim, IIED, against the defendant, a school district, such

claim is barred by governmental immunity and must be dismissed.

### III.

#### Order

Therefore,

The court ORDERS that plaintiff's claim for IIED against

defendant be, and is hereby, dismissed.

SIGNED October 9, 2012.

_____

JOHN McBRYDE

United States District Judge